**BEGAM MARKS & TRAULSEN, P.A.**
11201 North Tatum Blvd., Suite 110
Phoenix, Arizona 85028-6037
(602) 254-6071

Richard P. Traulsen – State Bar #016050
rtraulsen@BMT-law.com
*Local Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Wilkerson, individually and on behalf of all similarly situated individuals, | Case No.: 2:21-cv-01427-JAT |
| Plaintiff,<br>v.<br>Walgreens Mail Service, LLC d/b/a AllianceRX Walgreens Prime and Healthcare Support Staffing, Inc., | **UNOPPOSED MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT AND DISMISS WITH PREJUDICE** |
| Defendants. | |

Andrea Wilkerson ("Plaintiff") submits this unopposed motion to move the Court to approve the parties' confidential settlement and release agreement ("Settlement Agreement") (attached as Exhibit 1 to the Declaration of Zackary S. Kaylor) and dismiss Plaintiff's lawsuit against Defendants with prejudice. The parties shall bear their own attorneys' fees and costs other than what was agreed to as part of the Settlement Agreement.

Plaintiff's Complaint asserts unpaid overtime and failure to pay wages claims against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and Arizona law. Given that Plaintiff asserted FLSA claims in this case, the parties must file a joint motion seeking the Court's approval of their settlement agreement. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.*, No. CV-09-1409-PHX-DGC,

2009 WL 3253947 (D. Ariz. Oct. 8, 2009). The parties therefore present their Settlement Agreement to the Court for approval.

I.    **BACKGROUND.**

**A. Summary of Plaintiff's Claims and Defendants' Defenses.**

Plaintiff worked remotely as a Call Center Representative ("CCR") for Defendants in Arizona. The operative, Second Amended Complaint (ECF 33) alleges that Defendants failed to compensate Plaintiff and those similarly situated for all time worked, in violation of the overtime provisions of the FLSA and Arizona Wage Act. Specifically, Plaintiff alleges that she and others were required to work off-the-clock by booting up and logging into their computers in order to take their first call at their scheduled shift start time. Plaintiff also alleges that she was required to work after clocking out for the day by logging out of necessary programs and shutting down her computer.

Defendants assert that they complied with the FLSA, Arizona state law, and other laws applicable to Plaintiff and those similarly situated and denies that CCRs were not compensated for all time worked. Defendants further assert that they required CCRs to accurately report all time worked, including time spent logging on and off their computers. Defendants further allege that any log-in time was *de minimis*. Defendants also maintain that they provided other robust timekeeping policies and procedures, including the CCR's ability to request that their time clocks be adjusted to account for issues both in and out of their control.

**B. Procedural History.**

Plaintiff filed her original complaint on August 18, 2021 (ECF 1) alleging violations of the Fair Labor Standards Act, the Arizona Wage Act, and breach of contract or unjust enrichment. Defendant Walgreens filed a motion to dismiss (ECF 14) and Defendant HSS filed an answer to the complaint (ECF 15). Plaintiff filed an amended complaint on January 21, 2022 (ECF 18) curing alleged pleading defects raised by Defendant Walgreens and

removing her common law claims. Both Defendants filed answers to the amended complaint. (ECF 22–23). Plaintiff filed the operative, Second Amended Complaint on March 14, 2022, to substitute the correct Walgreens entity, Walgreens Mail Service, LLC. (ECF 33).

On March 25, 2022, Plaintiff filed a motion for conditional certification under the FLSA to send court authorized notice to a collective of CCR employees who worked for Defendants. (ECF 43). In addition to Plaintiff, two individuals who worked for Defendant Walgreens in Texas opted into this action. (ECF 24, 30). Defendants opposed Plaintiff's motion for conditional certification. (ECF 54, 55). On October 27, 2022, the Court denied Plaintiff's motion in part, holding that the Court did not have personal jurisdiction over the employees who worked in Texas. (ECF 68). One Texas opt-in was dismissed without prejudice by the Court and the other withdrew her consent to sue in light of the Court's Order. (ECF 69). Therefore, Plaintiff is the only individual left with claims before this Court.

### C. The Settlement.

The parties agreed to resolve Plaintiff's claims for unpaid wages for $2,000.00. Plaintiff alleged that she spent up to 30 minutes per day working before the start of her scheduled shift and up to 5 minutes per day working after she clocked out. (ECF 33 ¶¶ 34, 38). Plaintiff worked for Defendants from September 28, 2020, to about May 9, 2021. Plaintiff earned $16.75 per hour, or $25.13 per hour for overtime work. The settlement is the equivalent of 15 minutes per workday from Plaintiff's start and end dates paid at Plaintiff's overtime rate with a 2.0 liquidated damages factor applied (more precisely this totals $2,001.03).

Put another way, the settlement calculates 2.5 hours of overtime per week, every week, for eight months and applied a 2x factor representing liquidated damages, as those are generally awarded in FLSA overtime cases. Consequently, the settlement agreement

provides for alleged overtime compensation to Plaintiff in the amount of $2,000.00, or approximately 80 hours of overtime over 32 weeks.

The settlement assumes Plaintiff was eligible for overtime pay every week she worked for Defendants and assumes Plaintiff worked five days every week she worked for Defendants. A more exacting analysis would likely find that Plaintiff was entitled to substantially less. The settlement further provides for Plaintiff's attorneys' fees and costs in the amount of $8,000.00.

## II.    THE COURT SHOULD APPROVE THE SETTLEMENT.

Employees cannot waive claims for unpaid wages under the FLSA without court approval.  As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), in the "context of suits brought directly against their employer under Section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." The Ninth Circuit has implicitly indicated that it would follow the Eleventh Circuit's decision. *See Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007). Arizona courts have also relied on *Lynn's Food Stores. See Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 9, 2007). Accordingly, the parties jointly ask for the Court's approval of the proposed settlement in this case.

If a settlement reflects a "reasonable compromise over issues, such as ... computation of back wages, that are actually in dispute," the district court may approve the settlement "in order to promote the policy of encouraging settlement of the litigation." *Rape v. Shrader & Martinez Construction USA LLC*, No. CV-21-08158-PCT-DJH, 2022 WL 4182351, at *1 (D. Ariz. Sept. 12, 2022) (citing *Lynn's Food Stores, Inc.* at 1354). The settlements must be fair and reasonable. *Id.* A court should "approve a fair and reasonable settlement if it was reached as an arm's length resolution of contested litigation to resolve

a bona fide dispute under the FLSA." *Lockwood v. R&M Towing LLC*, No. CV-19-4812, 2020 WL 5724383, at *2 (D. Ariz. Sept. 24, 2020) (citing *Lynn's Food Stores, Inc.* at 1352–54).

### A. A Bona Fide Dispute Exists.

A bona fide dispute exists when there are legitimate questions about the existence and extent of defendant's FLSA liability. *Panico v. Turnbull Law Group, LLC*, No. CV-21-02060-PHX-MTM, 2022 WL 220485, at *1 (D. Ariz. Jan. 25, 2022) (internal quotations omitted); *see also Dahl v. Bay Power Inc.*, No. 20-CV-07062-HSG, 2021 WL 2313388, at *2 (N.D. Cal. May 28, 2021) (finding a bona fide dispute where the defendants disputed allegations of failure to pay overtime and asserted several affirmative defenses). Here, Defendants dispute the merits of Plaintiff's allegations, dispute that a collective action should be conditionally certified, and dispute whether liquidated damages should be available. Plaintiff further disputes Defendants' defenses that the work at issue is not compensable under the FLSA and the Arizona Wage Act and is *de minimis*. Thus, there is a bona fide dispute in this case.

### B. The Settlement is Fair and Reasonable.

There are no universally used factors to consider in evaluating a proposed FLSA settlement for whether it is fair and reasonable, but some factors courts have looked at are: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. *Panico*, 2022 WL 220485, at *2 (citing *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016)). Ultimately, courts evaluate whether a settlement agreement of FLSA claims is fair and reasonable under the totality of the circumstances. *Id.* (citing *Selk* at 1173).

For the first factor, as discussed above, Plaintiff is receiving the equivalent of 15 minutes per workday of alleged overtime, plus liquidated damages, where Defendants assert that Plaintiff performed at most a few minutes of unpaid work, if any, each workday. Plaintiff's recovery of nearly 50% of her alleged damages is significant and commonly approved by courts. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 256 (N.D. Ca1. 2015) (finding settlement fair where the settlement represented between 9% and 27% of the total potential recovery); *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 57–58 (E.D.N.Y. 2010) (settlement within range of reasonableness when it represented approximately 13% to 17% of the maximum possible recovery).

As to the second factor, the stage of proceedings, this litigation has been pending for almost a year and a half where all parties have continuously weighed their claims and defenses. The parties touched on the facts and merits of the case as part of Defendant's motion to dismiss the original complaint and Plaintiff's motion for conditional certification. No formal discovery has been completed but the parties are well-apprised of the information necessary to resolve Plaintiff's claims.

For the third factor, both parties face significant litigation risks. There is no doubt that if the settlement is not approved, the parties will need to undergo protracted litigation. Although the parties have litigated this dispute for a year and a half, additional litigation is necessary to take the claims through summary judgment and trial. The parties would need to continue discovery through interrogatories, document requests and requests for admission. The parties would also need to conduct several depositions. Plaintiff and Defendants intend to brief motions for summary judgment. Continuing litigation would likely delay, by years, a resolution of Plaintiff's claims.

For the fourth factor, the Settlement Agreement includes a general release of claims arising from Plaintiff's employment with Defendants. This factor does not weigh against the proposed settlement because Plaintiff knew from the outset of settlement negotiations

that a general release may be a term of any final settlement, discussed the meaning of and implications of a general release of claims with her counsel, and approved the inclusion of a general release as part of the settlement.

Lastly, the final two factors are met as well. Plaintiff's Counsel views this settlement as substantial. A 50% recovery of alleged damages is a successful resolution, especially where a plaintiff has not needed to respond to written discovery requests or sit for a deposition. Moreover, there is no evidence of fraud or collusion. Plaintiff was active and involved throughout the settlement negotiations and approved the final amount of the settlement.

The Settlement Agreement is therefore fair and reasonable and the Court should approve the parties' request.

## III.   THE REQUESTED ATTORNEYS' FEES AND COSTS SHOULD BE APPROVED.

### A. An Award for Attorneys' Fees is Mandatory in FLSA Cases.

The FLSA's fee-shifting provision requires employers, including those that settle cases, to pay the employee's reasonable attorneys' fees and costs in having to bring a lawsuit to recover her unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action.") (emphasis added); *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) ("The FLSA grants prevailing plaintiffs a reasonable attorneys' fee."). The reason for requiring the employer to pay the employee's legal fees is simple: "[u]nder the FLSA, 'Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Sinyard v. C.I.R.*, 268 F.3d 756, 761 (9th Cir. 2001) (quoting *Maddrix v. Dize*, 153 F.2d 274 (4th Cir. 1946)).

7

Additionally, fees negotiated by the parties at arm's length carry a presumption of reasonableness:

> The fee was negotiated at arm's length with sophisticated defendants by the attorneys who were intimately familiar with the case, the risks, the amount and value of their time, and the nature of the result obtained for the class. Where there is such arm's length negotiation and there is no evidence of self-dealing or disabling conflict of interest, the Court is reluctant to interpose its judgment as to the amount of attorneys' fees in the place of the amount negotiated by the adversarial parties in the litigation.

*In re First Capital Holdings Corp. Fin. Prods. Secs. Litig.*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992), appeal dismissed, 33 F.3d 29 (9th Cir. 1994); *see also* Manual for Complex Litigation § 30.42, at 240 (3d ed. 1997) (a "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery").

Moreover, attorney fee awards in FLSA and other socially beneficial cases are not measured in relation to the underlying monetary relief obtained for the plaintiffs. *See Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988); *see, e.g., Int'l Bhd. of Carpenters & Joiners of Am., AFL-CIO, Local Union No. 217 v. G.E. Chen Constr., Inc.*, Nos. 03-17379, 04-16013, 136 Fed. Appx. 36, at *2 (9th Cir. May 11, 2005) (upholding attorneys' fee award of more than $200,000 in action where the plaintiff's individual recovery was less than $50,000); *Morales v. City of San Rafael*, 96 F.3d 359, 362–64 (9th Cir. 1996) (reversing $20,000 attorneys' fee award where counsel had requested nearly $140,000 in fees, because it appeared to the Ninth Circuit that the district court was improperly trying to limit the fee award based on the size of the plaintiff's award); *Heikkia v. Avnet Inc.*, No. CV-21-01531-PHX-DJH, 2022 WL 2967702, at *2 (D. Ariz. July 26, 2022) (granting request to award 2/3 of total settlement amount as attorneys' fees and costs); *see also Fisher*

*v. SD Protection, Inc.*, 948 F.3d 593, 604 (2d Cir. 2020) (reasoning that limiting attorneys' fees to a proportion of the recovery would result in "no rational attorney" taking on FLSA cases unless they were doing so pro bono).

Thus, in FLSA cases, an award of "reasonable" attorneys' fees and costs is mandatory and is not measured against the size of Plaintiffs' recovery.

**B. Plaintiff's Counsel's Lodestar Supports the Requested Fee.**

The reasonableness of the agreed upon amount for attorneys' fees is supported by looking at the lodestar. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (discussing lodestar method's application to attorneys' fees awarded from a fee-shifting statute). The lodestar presumptively reflects reasonable attorneys' fees. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (stating that the lodestar figure has become the "guiding light" of fee-shifting jurisprudence). The lodestar is calculated by multiplying the reasonable number of hours expended in the litigation by a reasonable hourly rate. *Morales*, 96 F.3d at 363.

In determining the reasonableness of hours expended for lodestar purposes, courts consider, inter alia, the novelty and difficulty of the issues and the level of opposition during the litigation. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 321 (5th Cir. 1993). Here, Plaintiff's counsel was opposed by Littler Mendelson and Ogletree Deakins—both law firms with reputations for exceptional work in defending employment actions. Plaintiff's counsel showed demonstrable skill and quality by engaging in a concerted effort to obtain Plaintiff's maximum recovery. Plaintiff's counsel expended numerous hours, *inter alia*, developing Plaintiff's case, preparing the complaint, responding to Defendant Walgreen's motion to dismiss, and negotiating this settlement. Plaintiff's counsel does not seek any attorneys' fees or costs related to Plaintiff's motion for conditional certification. Over more than a year and a half, Plaintiff's counsel have reasonably spent about 67 hours working on this lawsuit. *See Kaylor Decl.* at ¶ 10. The total amount of hours expended in

successfully and diligently prosecuting this action therefore is fair and reasonable for the services provided.

In determining the reasonableness of hourly rates, "[a]ffidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The District of Arizona has found a $350.00 hourly rate reasonable for FLSA work. *See Cassaday v. Phoenix Body Works Inc.*, No. CV-21-02055-PHX-DJH, 2022 WL 3227564, at *1 n.2 (D. Ariz. Aug. 10, 2022). At the start of the litigation, Plaintiff's counsel, Mr. Kaylor charged $325.00 per hour. On January 1, 2022, Mr. Kaylor's rate increased to $350.00 per hour.

Other courts have found Mr. Kaylor's $325 and $350 hourly rates reasonable for FLSA work. *See Rodriguez v. Valor Global, LLC*, Case No. 2:21-cv-01256-DWL (D. Ariz.) (Dkt. Nos. 34, 35) (approving $325 and $350 rates for Mr. Kaylor); *Roberts et al. v. AAY Security, LLC*, Case No. 2:19-cv-00366 (S.D. Tex.) (Dkt. Nos. 57, 58) (approving rates of $325 and $350 for Mr. Kaylor); *see also In re: Lowe's Companies, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, MDL No. 2947 (W.D.N.C.) (approving $325 rate for Mr. Kaylor) (Dkt. Nos. 90-6, 94). Plaintiff's counsel's hourly rate is therefore reasonable for FLSA work in the District of Arizona.

Plaintiff's counsel's lodestar, not including fees incurred related to Plaintiff's motion for conditional certification, is $22,375.00. This is a fair and reasonable amount expended in light of the work required. The settlement of $8,000.00 for attorneys' fees and costs is therefore reasonable compared to Plaintiff's Counsel's lodestar. Thus, the Court should approve the agreed upon amount of attorneys' fees and costs.

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court issue an Order approving

the Parties' settlement agreement and dismissing this case with prejudice.

Dated: January 18, 2023                     Respectfully submitted,

                                            *s/ Zackary S. Kaylor*
                                            Zackary S. Kaylor (MN Bar #0400854)*
                                            **JOHNSON BECKER, PLLC**
                                            444 Cedar Street, Suite 1800
                                            Saint Paul, MN 55101
                                            T: 612-436-1800
                                            F: 612-436-1801
                                            E: zkaylor@johnsonbecker.com

                                            *Lead Attorneys for Plaintiff*

                                            AND


                                            Richard P. Traulsen (AZ Bar No.
                                            016050)
                                            **BEGAM MARKS & TRAULSEN,
                                            P.A.**
                                            11201 North Tatum Blvd., Suite 110
                                            Phoenix, Arizona 85028-6037
                                            T: 602-254-6071
                                            E: rtraulsen@BMT-law.com

                                            *Local Counsel for Plaintiff*